**Keith D. Karnes**, Oregon State Bar ID # 033521
*keith@keithkarnes.com*
**Karnes Law Offices, PC**
1860 Hawthorne Ave NE
Salem, OR 97301
Tel: (503) 385-8888
Fax: (503) 385-8899

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| JASON CARNES and AMANDA CARNES, | Case No. |
| Plaintiffs, | COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT, UNLAWFUL DEBT COLLECTION PRACTICES ACT and TELEPHONE CONSUMER PROTECTION ACT |
| v. | |
| MIDLAND CREDIT MANAGEMENT, INC. | |
| | JURY TRIAL REQUESTED |
| Defendant. | |

---

## **JURISDICTION**

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §1692k(d).

2.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), Telephone Consumer Protection Act, 47 U.S.C. 227 (TCPA), as well as other state law claims.

COMPLAINT - 1

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

## PARTIES

4.      Plaintiffs Jason Carnes and Amanda Carnes (hereinafter "Plaintiffs") are natural persons who reside in the City of Grants Pass, State of Oregon, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Midland Credit Management, Inc. (hereinafter "Defendant") operates from an address of 3111 Camino Del Rio North, Suite 103, San Diego CA 92108 is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and ORS 646.639(1)(g).

## FACTUAL ALLEGATIONS

6.      Since July 2017 Plaintiffs have received roughly 40 phone calls from Defendant on their cell phones. Each time Defendant called Plaintiffs it did so to collect a $1,298.08 debt it alleged was owed by someone named "Jason Carnes."

7.      While Plaintiff Jason Carnes shares the same first and last name as the person Defendant is attempting to collect from, Plaintiff Jason Carnes is not the person tied to the debt in question.

8.      The phone calls interfere with Plaintiffs' daily lives and their ability to work.

9.      Defendant has called Plaintiffs as often as several times a day for several days in a row.

10.     On or about August 17, 2017 Plaintiff Jason Carnes called Defendant back after a missed call, Plaintiff explained he was not the correct person, that Defendant had the wrong number, and provided Defendant with the last four digits of his Social

COMPLAINT - 2

Security Number as proof of identity.   Mr. Carnes advised Defendant to cease and desist all communication since the debt was not his. Defendant advised Plaintiffs they would up-date their records and that the calls would not continue.

11.     Despite Plaintiffs' efforts, Defendant continued to call both Mr. Carnes and his wife from several different phone numbers in attempt to mask calling identity to evade call blocking, in an effort to collect the debt.

12.     On or about August 25, 2017 Mr. Carnes answered Defendant's call and once again gave his Social Security Number in proof that he is not the same Jason Carnes who owes the debt. Again, Defendant advised Plaintiff they would remove the contact information of both Plaintiffs and not call again.

13.     Defendant continues to call Plaintiffs even though Defendant has been provided with proof of Plaintiff's identity and has been told to cease harassing collection efforts.

14.     As a direct and proximate result of Defendant's actions Plaintiffs have suffered actual damages in the form of emotional distress, anger, anxiety, worry, frustration, among other negative emotions.

## TRIAL BY JURY

15.     Plaintiffs are entitled to and hereby respectfully demand a trial by jury.   US Const. amend. 7.   Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

COMPLAINT - 3

16.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. § 1692b(3), 1692c(b), 1692c(c), 1692d, 1692d(5),   1692e, 1692e(10), and 1692f.

18.    As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## UNLAWFUL DEBT COLLECTION PRACTICES ACT

19.    Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

20.    Defendant's actions constitute multiple violations of the UDCPA including but not limited to ORS 646.639(2)(e).

21.    As a result of such action Plaintiffs are entitled to actual damages and punitive damages in an amount to be determined at trial and injunctive relief pursuant to ORS 646.641.

## COUNT III

## TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227

22.    Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

COMPLAINT - 4

23.  The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1), (2), and (3).

24.  As a result of Defendant's violations Plaintiffs are entitled to an order enjoining Defendant from further violations of the TCPA, and the greater of actual damages or $500 in statutory damages for each violation. Because, as alleged, Defendant had full knowledge that its phone calls to Plaintiffs were improper and illegal, Defendant's violations of the TCPA are willful or knowing and, thus, Plaintiffs are entitled to three times the amount of any damages awarded.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant for:

## CLAIM I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq*.

for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

for an award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

## CLAIM II.

## UDCPA

## ORS 646.639 *et seq*

for an award of actual and punitive damages against Defendant in an amount to be determined at trial pursuant to ORS 646.641;

COMPLAINT - 5

for an order enjoining Defendant from violating any provision of the UDCPA pursuant to ORS 646.641;

for attorneys fees and the costs of litigation against Defendant pursuant to ORS 646.641.

## COUNT III

## TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 *et seq.*

for an order enjoining Defendant from violating the TCPA pursuant to 47 U.S.C. § 227(b)(3)(A);

for an award of the greater of actual damages or $500 per violation for the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);

for an order finding that Defendant's violation of the TCPA was willful and knowing;

for an award of treble damages under the TCPA, 47 U.S.C. § 227(b)(3); and such other and further relief as the Court deems just and proper.

DATED:   February 12. 2018

/s/ Keith D. Karnes
**Keith D. Karnes**, OSB# 033521
*keith@keithkarnes.com*
**Karnes Law Offices, PC**
Telephone (503) 385-8888

Attorney for Plaintiffs